UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONY INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEDCOR INDUSTRIES (USA) INC., a Washington corporation,<br><br>Defendants. | No. C09-1499Z<br><br>ORDER |

THIS MATTER comes before the Court on the parties' joint motion for a claim bar order, docket no. 16.  In this declaratory judgment action, plaintiff Colony Insurance Company ("Colony") seeks a ruling that it has no duty to defend, indemnify, or provide coverage to defendant Ledcor Industries (USA) Inc. ("Ledcor"), under a policy issued to Metal Systems, Inc. ("Metal Systems"), with respect to claims asserted in a certain King County Superior Court action.  _See_ Complaint at ¶¶ 5 & 8 and § V(A) (docket no. 1).  The King County lawsuit was brought by Adelaide Condominium Owners Association against West Seattle Property, LLC ("West"), the developer of the condominiums at issue.  _Id._ at ¶ 8. West in turn named Ledcor, the general contractor, as a third-party defendant.  _Id._  Ledcor filed fourth-party complaints against various subcontractors, including Metal Systems.  Joint Motion at 2 (docket no. 16).  Ledcor alleges that it is an additional insured under the policy issued by Colony to Metal Systems.  Complaint at ¶ 9; Joint Motion at 3.

ORDER - 1

Colony and Ledcor have reached a settlement of the declaratory judgment matter, pursuant to which Colony will pay a sum certain to Ledcor, contingent on entry by this Court of an order barring claims against Colony by other insurance carriers. In support of their request that the Court now issue a bar order, the parties have cited five cases, none of which stand for the proposition that the Court may enter such order in the absence of notice to the other insurance carriers. In *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, No. C03-5131-RBL, 2004 U.S. Dist. LEXIS 30386 (W.D. Wash. May 24, 2004), on which the parties heavily rely, the non-settling insurers that were subject to the bar order were parties in the action and had a full and fair opportunity to be heard prior to entry of the order. The same was true in the other district court cases cited by the parties, *Cadet Mfrg. Co. v. Am. Ins. Co.*, 2006 WL 910000 (W.D. Wash.), and *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403 (S.D. Cal. 1987), and in the appellate decisions on which they rely, *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989), and *Puget Sound Energy v. Certain Underwriters at Lloyd's, London*, 134 Wn. App. 228, 138 P.3d 1068 (2006).

The Ninth Circuit's opinion in *Franklin* is particularly contrary to relief the parties currently seek. In *Franklin*, the Ninth Circuit envisioned not only that the entities subject to any bar order be parties to the case, but also that the trier of fact be required to determine, in addition to the total amount of damages, the percentage of culpability of each defendant, whether it settled or not. 884 F.2d at 1231. Non-settling defendants would then be jointly and severally liable only for the portion of damages attributable to non-settling defendants in the aggregate, and they would continue to have rights of contribution against one another, but not as to settling defendants. *Id.* Because the other insurance carriers that might owe coverage in connection with the claims in the King County action are not before this Court, no apportionment can occur in this forum, and this Court cannot, consistent with *Franklin* and with notions of due process, enter the requested claim bar order. The parties' joint motion, docket no. 16, is therefore DENIED.

1  The Clerk is directed to send a copy of this Order to all counsel of record.

2  IT IS SO ORDERED.

3  DATED this 4th day of February, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 3